**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR ALBERTO ALONSO-
CASTENADA,

            Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No.   21-231

Agency No. A200-626-073

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2023[**]
Pasadena, California

Before:  BYBEE and CHRISTEN, Circuit Judges, and FITZWATER,[***] District
Judge.

---

     [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]      The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Oscar Alberto Alonso-Castenada ("Alonso-Castenada"), a citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his motion to reopen pursuant to 8 C.F.R. § 1003.2(c)(3)(ii). We have jurisdiction under 8 U.S.C. § 1252. *See Kucana v. Holder*, 558 U.S. 233, 253 (2010). Reviewing the agency's factual determinations for substantial evidence and legal questions de novo, *see Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citing *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005)), we deny the petition.

1. The BIA properly concluded that Alonso-Castenada failed to establish prima facie cases of eligibility for asylum and withholding of removal because he failed to establish membership in a cognizable social group. "An asylum or withholding applicant's burden includes (1) demonstrating the existence of a cognizable particular social group, (2) his membership in that particular social group, and (3) a risk of persecution on account of his membership in the specified particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (internal quotation marks omitted). "[I]t is now well-established that an applicant seeking relief based on membership in a particular social group must establish that the group is: '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (quoting *Matter of*

2

*M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). "Under the BIA's established standards, social groups must be determined on a case-by-case basis." *Id.* at 1080 (quotations and citations omitted). Although Alonso-Castenada asserts membership in social groups consisting of individuals with past criminal history or individuals who testify against smugglers, the BIA properly concluded that Alonso-Castenada failed to meet his burden of establishing membership in a cognizable social group, and thus has failed to establish prima facie cases of eligibility for asylum and withholding of removal.

2. The BIA properly concluded that Alonso-Castenada failed to establish a prima facie case of eligibility for protection under the CAT. To qualify for protection under the CAT, "[t]he burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2) (2022). "To qualify as torture, actions must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Nasrallah v. Barr*, 140 S.Ct. 1683, 1688 n.1 (2020) (quoting 8 C.F.R. § 1208.18(a)(1) (2019)). Although "country conditions alone can 'play a decisive role in granting relief under [CAT],'" *Nuru v. Gonzales*, 404 F.3d 1207, 1219 (9th Cir. 2005) (alteration in original) (quoting *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1280 (9th Cir. 2001)), "generalized

3

evidence of violence and crime" in the country of removal that is not particular to the petitioner is an insufficient basis for granting such relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

Although Alonso-Castenada maintains "that there has been an increasing rate of homicides in Mexico since he was last before the Immigration Court, and that the Mexican government has demonstrated an unwillingness or inability to adequately protect its citizens," he has provided only generalized evidence of an increase of violence and crime in Mexico, and has presented no evidence particular to himself by which the BIA could concluded that he more likely than not will face torture inflicted by or with the consent of the Mexican government. Therefore, the BIA properly concluded that Alonso-Castenada failed to establish eligibility for protection under the CAT.

**PETITION DENIED**.